## KIRST v. SPEARS.

### No. 16807.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

S. S. Goldman, of New Orleans, for appellant.

Cabral & Graham and Harry Herman, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit is brought by James Kirst individually and on behalf of his minor son, James Kirst, Jr., against Preston Spears, for the sum of $1,134.50, of which amount $1,000 is claimed on behalf of the son as damages for physical injuries alleged to have been caused by the negligence of the defendant, and the remainder or $134.50, for medical expenses incurred by the father.

The petition alleges in substance that on February 10th, 1937, at about the hour of twelve noon, his son, who had left school during the luncheon hour, was employed by defendant, who owns a wood yard in the vicinity of the school, to help in cutting wood; that his minor son while so engaged had his left foot on a pile of sawdust and in an effort to throw the short sticks of wood, which were being cut by a circular power saw, in a heap, the child's foot came in contact with the blade of the saw, cutting it and causing a deep lacerated wound; that the accident was caused by the negligence of defendant in employing a child for such services and in failing to properly safeguard the dangerous machinery operated by him.

Defendant answered denying the employment of plaintiff's son, and averring that the child was loitering near defendant's wood yard and that the accident was due to the falling of a small piece of wood severed by the saw, which struck the boy's foot, and not by the blade of the saw. He further averred that the boy had no business on the premises and that he had warned the children attending the school in the neighborhood to remain away from his place of business, and that he believed the injured boy was among those warned. Finally, and in the alternative, defendant pleads contributory negligence.

The case went to trial on these issues and resulted in a judgment in favor of plaintiff individually in the sum of $84.50, and as the representative of his minor child, James Kirst, Jr., in the sum of $275. From this judgment defendant has appealed and plaintiff has answered the appeal, asking that the judgment be increased to the amount prayed for.

Both plaintiff and defendant have sworn that they are paupers and the case has been prosecuted and defended without the payment of costs by either party, an unusual situation and one which suggests that there may be some difficulty in collecting any judgment which plaintiff might be awarded. Be that as it may, however, the case is properly before us for decision which, according to the admission of all

parties, depends entirely upon issues of fact.

The boy, who is about fourteen years of age, testified in accordance with the allegations of the petition that he was offered ten cents by Preston Spears to help him in his wood yard; that he accepted the employment and while thus engaged his foot was cut by the blade of the saw; and that there was only one other person present at the time, a man by the name of Thomas Herbert.

The only corroboration which his testimony has is that afforded by the statement of a niece of the boy, Virlen Wagner, who testified that she heard the defendant call to him and say that he had some work for him to do. She also testified that the only one present at the time was Thomas Herbert. Herbert did not testify because the sheriff was unable to find him for the purpose of serving a subpoena.

Defendant produced three witnesses, all of whom denied that the boy was doing any work for the defendant and asserted that he was a bystander and that a piece of wood thrown off by the saw struck him on the foot.

A witness by the name of Oliver Wiggins, who was not present, testified that he knew that defendant previously had employed small boys to help him. Another witness by the name of Alfred Patterson stated that he had seen children actively engaged in assisting Spears, though he had never seen them working near the power saw.

Plaintiff's physician, Dr. Rivers Frederick, testified that from the nature of the wound he was of the opinion that it was caused by a sharp instrument because the wound was lacerated and not macerated, but the hospital records, which are in evidence, indicate that the diagnosis was "macerated wound of left foot".

It is apparent that the trial judge did not believe the defendant and his witnesses, although they outnumbered the witnesses appearing on behalf of plaintiff. We are unable to say that his conclusion was manifestly erroneous, therefore, under the rule so often announced by this and other courts, the judgment will not be disturbed.

The father of the injured child was allowed $34.50 for his hospital bill and $50 for the doctor's bill.

The boy's injuries consisted of the severing of certain tendons in the left foot with a permanent inability to extend the toes, thus rendering them motionless. He was in the hospital for ten days and confined to his home for several weeks thereafter. Considering the financial condition of the defendant we believe the modest sums awarded plaintiff in both capacities to be proper.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.